**UNITED STATES of America,**
**Plaintiff,**

v.

**U. S. I. A. HOMES, INC., Defendant.**

**No. 76 C 279.**

United States District Court,
E. D. New York.

March 19, 1976.

David W. McMorrow, New York City (David G. Trager, U. S. Atty., Brooklyn, N. Y., of counsel), for plaintiff.

Bernard M. Seeman, Flushing (Gelbard, Seeman, Decker & Dash, Flushing, of counsel), for defendant.

## MEMORANDUM INCORPORATING FINDINGS OF FACT AND INJUNCTION

DOOLING, District Judge.

The United States seeks a preliminary injunction (18 U.S.C. § 709, last par.) barring defendant's use in its corporate name of "U.S.I.A." in advertising or for other business purposes. The Government asserts that the letters "U.S.I.A." are the initials of the United States Information Agency, and that use of those letters in the name of a private corporation, especially one engaged in the real estate field, will tend to lead the public to believe that the defendant is in some way associated with the federal government. The Government attempted to secure voluntary discontinuance of use by requests made in the period from June 9, 1975, to February 9, 1976, and was repeatedly given to understand that the corporate name would be changed. Having concluded the defendant would not change its name voluntarily, the Government now seeks an injunction compelling defendant either to change its name or to include with it in type of equal size a disclaimer of government agency.

Defendant was incorporated on July 16, 1974. Defendant's newspaper advertisements, copies of which are attached to the affidavit in support of the motion, are of three main types. One type consists of small advertisements advertising individual houses for sale: in these advertisements defendant's name is given simply as USIA HOMES; advertisements of this type were published in the New York Times on six occasions on and between December 14, 1975, and February 4, 1975. A second type is a larger advertisement headed "U.S.I.A. HOMES" in large letters, followed by text advertising a property for sale and ending, in type less than one-fifth the size of the letters "USIA," "NON GOV'T AGENCY Local Agent Specializing in Gvt Approved VA, FHA Mtgs." Such advertisements were published in the Daily News on February 2, 1976, January 21, 1976, and October 27, 1975. A

third type of advertisement uses the name U.S.I.A. Homes at the bottom of the advertisement followed in the next line (or in the line below the address and/or telephone number) by "NON–GOV'T AGENCY" in very much smaller type. Three advertisements of this type were published on and between July 27, 1975, and February 2, 1976. Two of the publications contained also the statement about specialization in Government approved VA and FHA mortgages. The earliest advertisement brought forward, that of April 6, 1975, in the Long Island Press, contained no disclaimer, but printed the words "Local Agent Specializing Gov't. Approved VA, FHA Mtges" right under the large-type "U.S.I.A. HOMES."

The Government puts its case squarely on 18 U.S.C. § 709. Section 709 is part of Chapter 33 of Title 18, subtitled "EMBLEMS, INSIGNIAS AND NAMES." The first eight paragraphs deal with the banking, deposit insurance, credit union, farm loan and related financing fields and misleading uses of names etc. in those fields that would suggest a governmental connection. The ninth paragraph is aimed specifically at preventing the use by firms in the housing and real estate fields of firm names "reasonably calculated to convey the false impression that [the enterprise] has some connection with, or authorization from," one of the various governmental housing, home financing and mortgage agencies or "the Government of the United States, or any agency thereof" when the firm in fact has no such connection. The ninth paragraph does not name the U.S.I.A., nor, indeed, any governmental agency or authority not connected with real estate, but it does enact that

"Whoever . . . falsely advertises or falsely represents by any device whatsoever that any housing unit, project, business, or product has been in any way endorsed, authorized, inspected, appraised, or approved by [certain named governmental agencies and administrations in the housing and mortgage field], the Government of the United States, or any agency thereof . . .

"Shall be punished as follows: . . ."

Defendant argues that the statute's omission to name the USIA is fatal to the Government's case, since criminal statutes must be narrowly read: all federal crime is statutory, and here, defendant argues, there is a plain gap in a careful and detailed statute. The Government argues that the general language in the statute, read in light of its manifest purpose—to prevent any firm in the real estate field from creating a false impression that it is in some way connected with or sponsored by the Government—suffices to warrant the granting of a statutory injunction.

While defendant asserts that it has had great difficulty in selecting a corporate name that will pass muster with the State Real Estate Department ("We had previously submitted approximately twenty-five (25) different names for approval . . . for use as a real estate broker but all names were rejected as already in use." [underlining added.]), the assertion is, if not absurd on its face, a devastating comment on the kind of names chosen for submission. Two of the principals in the firm are Philip Gudinsky and Dennis Rappaport, and it seems doubtful that some combination of their names could have been submitted and rejected. The name UNEDA HOMES, Inc. was apparently approved but discarded by defendant.

It is not suggested that there is any reason whatever growing out of the defendant's business or its affairs that explains or justifies defendant's selecting U.S.I.A. (rather than S.P.Q.R. or R.A.F. or C.I.A.) for the corporate title. The choice was, defendant implies, entirely random and gratuitous. But conscious purpose is manifest in the choice of so familiar a set of letters and the inevitable identification of them as the symbol of a governmental agency.

The primary question, whether injunction is sought under 18 U.S.C.

486

§ 709 or under the general equity powers of the court, must then be whether the defendant's name serves any legitimate business function, and is not calculated inevitably to mislead the unwary public. Whether viewed under 18 U.S.C. § 709 or not, to take a name which must tend to create a false impression of a governmental association in the public mind, and which has no intrinsic capacity to suggest anything truly related to the corporate business, supports a plain inference that the name was chosen precisely for that misleading purpose and that the choice is fraudulent by its very nature.

Because of the likelihood of public confusion over the corporate name and the false suggestion of some association with the federal government, and the absence of any valid reason for using in the name the familiar letter symbols of a well known federal agency wholly unrelated to defendant's business and affairs, it must be concluded that continued use of the corporate name as presently used is fraudulent and enjoinable. The fact that the fraud has continued for eighteen months cannot justify protraction of the wrong into the future.

Accordingly, it is

ORDERED that plaintiff's motion is granted; and it is further

ORDERED that defendant, U.S.I.A. Homes, Inc., is enjoined, pending the final determination of the action, from using in its advertising, in its corporate name, or on its stationery the letters "U.S.I.A." in any way without indicating immediately next to those letters and in type as large as that used to depict the letters "U.S.I.A." that defendant is a private corporation and is not a government agency.